UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LILLIE M. MIDDLEBROOKS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Civil Action No. 09-1281 (ESH)** |
| **ST. COLETTA OF GREATER WASHINGTON, INC.,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Complaint [dkt. #3] pursuant to Federal Rule of Civil Procedure 12(f).[1]  Defendants ask the Court to strike plaintiff's complaint in its entirety for failure to comply with the Federal Rules of Civil Procedure 8(a) and 8(d).[2]  For the reasons set forth below, the motion is denied.

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 8(a) provides that a pleading "must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct."

---

[1] An Order filed on August 4, 2009, gave plaintiff until August 25, 2009, to either file an amended complaint or an opposition to the motion to strike. The plaintiff opted to file an opposition; defendants filed their reply on September 4, 2009.

[2] Defendants mistakenly cite to Rule 8(e) rather than Rule 8(d). Rule 8(e) provides that "[p]leadings must be construed to do justice."

"Enforcing these rules is largely a matter for the trial court's discretion." *Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004); *see also Unique Industries, Inc. v. 965207 Alberta Ltd.*, 2009 WL 2185555, *2 (D.D.C. 2009) ("The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion."). Guiding that discretion, however, is the "general rule" that motions to strike undre Rule 12(f) are "disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981); *see United States ex rel. K & R Ltd. Partnership v. Massachusetts Housing Finance Agency*, 456 F. Supp. 2d 46, 51 (D.D.C. 2006) (motions to strike are "strongly disfavored"); *Brown v. Broadcasting Bd. of Governors*, 2009 WL 2704586, *9 (D.D.C. 2009) ("striking pleadings is an extreme and disfavored remedy");. Thus, "in considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *See Unique Indus.*, 2009 WL 2185555, *2.

Defendants have not persuaded the Court that the extreme sanction of striking the complaint in its entirety is warranted. Although plaintiff's complaint is lengthy, it is not incomprehensible. As the court in *Ciralski* emphasized, Rule 8(a) does not require a "'short and plain *complaint*, but rather a 'short and plain statement of the claim.'" *Ciralski*, 355 F.3d at 670 (quoting Fed.R.Civ.P. 8(a)(2)). And it is "each allegation" that Rule 8(d)(1) states "must be simple, concise, and direct," not the pleading itself. Fed. R. Civ. P. 8(d)(1); *see Ciralski*, 355 F.3d at 670. Indeed the federal rules expressly permit alternative or inconsistent statements of a claim. *See Ciralski*, 355 F.3d at 670; Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or

defenses as it has, regardless of consistency.").

Accordingly, it is hereby

**ORDERED**: that the defendants' Motion to Strike plaintiff's complaint [dkt. #3] is DENIED; and it is further

**ORDERED**: that the defendants shall file their response to the plaintiff's Complaint on or before October 12, 2009.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 30, 2009