UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LILLIE M. MIDDLEBROOKS,

   Plaintiff,

     v.

ST. COLETTA OF GREATER
WASHINGTON, INC., et al.,

   Defendants.

Civil Action No. 09-1281
ESH/DAR

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion to Disqualify The Honorable Deborah A. Judge Robinson Pursuant to 28 U.S.C. § 455(a), § 455(b)(1) ("Motion to Disqualify") (Document No. 61, Part 2) is pending for determination by the undersigned.[1] Upon consideration of the motion, Defendants' Response to Plaintiff's Motion to Disqualify Judge Huvelle and Magistrate Judge Robinson ("Defendants' Response") (Document No. 66) and the entire record herein, Plaintiff's motion to disqualify the undersigned will be denied.

**BACKGROUND**

Plaintiff brings this action against St. Coletta of Greater Washington, Inc., and certain of its employees, for alleged discrimination in employment. *See generally* Complaint (Document No. 1). On November 9, 2009, this action was referred to the undersigned for the management of discovery. Order (Document No. 14). On April 21, 2010, Plaintiff filed the instant motion to

---

[1] By the same motion, Plaintiff also sought to disqualify the assigned United States District Judge. The instant order addresses only Plaintiff's request with regard to disqualification of the undersigned.

disqualify. In it, she principally alleges that the undersigned has "discriminatorily denied twenty-one of the Plaintiff's motions" and "set up all road blocks for the Plaintiff to secure legitimate and adequate discovery for Plaintiff's civil action lawsuit." Motion to Disqualify at 3; *see also id*. at 2, 8, 29-30. Plaintiff further submits that the undersigned's rulings "were and are prejudicial and biased [against] [her][,]" and "exhibited extreme preferential treatment toward the Defendants and [their counsel][.]" *Id*. at 29-30. Plaintiff alleges that the undersigned's bias "stems from the Plaintiff's race (African-American) and from the Plaintiff's representation status (pro se)." *Id.* at 2.

Defendants, in their response, characterize Plaintiff's motion as "groundless," and submit that disqualification of the undersigned is not warranted. Defendants' Response at 1; *see also id.* at 4-6.[2]

**DISCUSSION**

The principal statutory authority which governs disqualification of a federal judicial officer is Section 455 of Title 28 of the United States Code. Section 455 provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

---

[2] The undersigned, mindful that a status hearing is scheduled for May 11, 2010, has, in an exercise of the court's discretion, proceeded with consideration of Plaintiff's motion without awaiting her reply to the Defendants' response.

proceeding[.]

28 U.S.C. §455(a), (b)(1).

A party moving for recusal pursuant to Section 455(a) "must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, . . . a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *American Center for Civil Justice v. Ambush*, 680 F. Supp. 2d 21, 24-25 (D.D.C. 2010) (citing *Cotton v. Washington Metropolitan Area Transit Authority,* 264 F. Supp. 2d 39, 41 (D.D.C. 2003)) (citation omitted). The existence of a ground warranting recusal under Section 455(a) is to be determined by an objective standard. *Id.* at 25. (citations omitted); *see also United States v. Marin,* 663 F. Supp. 2d 155, 158 (D.D.C. Oct. 13, 2009) ("Accordingly, the legal standard is an objective one that inquires whether a 'reasonable and informed observer would question the judge's impartiality.'") (citation omitted).

A party moving for recusal pursuant to Section 455(b) "[must] demonstrate actual bias or prejudice based upon an extrajudicial source." *American Center for Civil Justice*, 680 F. Supp. 2d at 25 (citing *Tripp v. Executive Office of the President,* 104 F. Supp. 2d 30, 34 (D.D.C. 2000)); *see also Zernik v. U.S. Dep't of Justice,* 630 F. Supp. 2d 24, 26 (D.D.C. 2009) (a judge shall disqualify himself or herself in any proceeding in which the judge, *inter alia,* "has 'personal knowledge of disputed evidentiary facts concerning the proceeding[]'") (citation omitted); *Ivey v. Nat'l Treasury Employees Union,* No. 05-1147, 2008 WL 4091676, at *1 (D.D.C. Sept. 4, 2008) ("[A] judge shall disqualify himself '[w]here he has a personal bias or prejudice concerning a party.'") (citation omitted).

"Judges are presumed to be impartial." *American Center for Civil Justice*, 680 F. Supp. 2d at 25 (citing *Tripp,* 104 F. Supp. 2d at 34); *see also Cotton,* 264 F. Supp. 2d at 42 ("There is a presumption of judicial impartiality, . . . and the burden the movant must carry to overcome this presumption is 'substantial.'") (citation omitted). "Thus, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Tripp,* 104 F. Supp. 2d at 34 (quoting *Liteky,* 510 U.S. 540, 555 (1994)); *accord*, *Reddy v. O'Connor,* 520 F. Supp. 2d 124, 128 (D.D.C. 2007). In like manner, *"opinions formed by a judge on the basis of facts introduced* or events occurring in the course of the current proceedings, *or of prior proceedings,* do not constitute a basis for a bias or partiality motion *unless they display a deep-seated* favoritism *or antagonism* that would make fair judgment impossible." *Liteky,* 510 U.S. at 555 (emphasis supplied); *see also Pigford v. Johanns,* Nos. 97-1978, 98-1693, 2008 WL 205614, at *2 (D.D.C. Jan. 24, 2008) ("Indeed, the law is clear that any alleged partiality or appearance of partiality must result from knowledge or bias acquired outside judicial proceedings and not, as alleged here, from the court's previous rulings or decisions in the case.") (citing *Liteky,* 510 U.S. at 554); *see also Ivey,* 2008 WL 4091676, at *1 ("[A] judge's legal decisions are almost never grounds for a claim of bias or [partiality].") (citation omitted).

In support of her motion, Plaintiff relies principally upon the undersigned's rulings with respect to the parties' discovery disputes. However, Plaintiff has failed to offer, in accordance with the objective standard of Section 455(a), any ground upon which the rulings should be regarded as an exception to the general principle articulated in *Liteky* that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *American Center for Civil Justice*, 680 F. Supp. 2d at 26 (citing *Tripp*, 104 F. Supp. 2d at 34); *see also Ramos v. U.S. Dept.*

*of Justice*, No. 06-1941, 2010 WL 198521, at *3 (D.D.C. January 21, 2010) (citing *Liteky*, 510 U.S. at 555). While Plaintiff attributes the undersigned's rulings to bias and prejudice, the ECF record reflects the grounds of each of the challenged determinations. The undersigned finds that Plaintiff has offered only conclusory allegations in support of her contention that the undersigned's rulings were based upon considerations other than those contemporaneously set forth in the record. Where, as here, a party moving for recusal pursuant to Section 455(a) fails "to allege any evidence of bias or prejudice that would cause an informed and reasonable observer to question the court's impartiality[,]" the motion is appropriately denied. *Ramos*, 2010 WL 198521, at *3 (citation omitted).

Nor has Plaintiff demonstrated "actual bias or prejudice based upon an extrajudicial source[,]" in accordance with Section 455(b)(1). *See Tripp*, 104 F. Supp. 2d at 34. Plaintiff does not suggest that the undersigned has "personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *See* 28 U.S.C. § 455(b)(1). Rather, her contention is that the undersigned has exhibited prejudice against her on account of her race and her status as pro se litigant.[3] However, the undersigned finds that Plaintiff's claims of actual bias and prejudice are based almost entirely on her objections to the undersigned's rulings with respect to the parties' discovery disputes. *See* Plaintiff's Motion to Recuse at 2-27. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion[]"; as the rulings at issue here reveal neither "an opinion that derives from an extrajudicial source[,]" or "such a high degree of favoritism or antagonism as to make fair judgment impossible[,]" no basis for recusal pursuant to

---

[3] While the coincidence is not dispositive of any of the issues presented here, the undersigned observes that Plaintiff and the undersigned are of the same race.

Middlebrooks v. St. Coletta of Greater Washington, Inc., et al. 6

Section 455(b)(1) exists. *See Liteky*, 510 U.S. at 555 (citation omitted).

**CONCLUSION**

For all of the foregoing reasons, the undersigned finds that Plaintiff has failed to offer a factual predicate for her claims of bias and prejudice against her, or of preferential treatment in favor of Defendants and their counsel. Accordingly, it is, this 7th day of May, 2010,

**ORDERED** that Plaintiff's Motion to Disqualify The Honorable Deborah A. Robinson (Document No. 61, Part 2) is **DENIED.**

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge